**Liqun WANG, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70009.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.[*]

Decided Sept. 22, 2004.

---

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jesse A. Moorman, Esq., Los Angeles, CA, for Petitioner.

Attorney General, Los Angeles, CA, Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Mark C. Walters, Esq., Anh-Thu P. Mai, Luis E. Perez, Esq., U.S. Department of Justice Civil Div., Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, T.G. NELSON and GRABER, Circuit Judges.

## MEMORANDUM **

Liqun Wang, a native and citizen of China, petitions for review of the denial by the Board of Immigration Appeals ("BIA") and Immigration Judge ("IJ") of his claims for asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We review both an adverse credibility finding and the denial of asylum for substantial evidence. *Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000). We grant the petition for review.

The sole basis for the IJ's credibility finding was the discrepancy between Wang's statements at the border, and statements he made at his asylum hearing. In *Singh v. INS*, 292 F.3d 1017, 1021–23 (9th Cir.2002) we drew a significant distinction between an alien's statements to an officer at the border, and those made in an application or hearing for asylum. Thus, the IJ's reliance on this factor was inappropriate. *Id.* at 1021 (concluding "reliance on Singh's airport statements does not constitute a valid ground for an adverse credibility determination"). Moreover, the BIA's additional reason for the credibility determination is not a discrepancy at all: one could be both tired and concerned about others at the border overhearing. Substantial evidence therefore does not support the IJ's or BIA's credibility finding.

The IJ's alternative decision partially addressing the merits likewise is not supported by substantial evidence. The grant of asylum based on political opinion is not restricted to leaders of political organizations. *See, e.g., INS v. Elias–Zacarias*, 502 U.S. 478, 482, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (leaving open the possibility that imputed political opinion and

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

political neutrality may be sufficient for asylum eligibility); *Singh v. Ilchert,* 63 F.3d 1501, 1503, 1509 (9th Cir.1995) (establishing persecution on account of imputed political opinion with respect to individual who is not a member of any organization as basis for asylum eligibility). Also, persecution does not require that an alien be arrested. *Turcios v. INS,* 821 F.2d 1396, 1402 (9th Cir.1987). Finally, affiliation with Zhou, and possession of the Chinese Democratic Party ("CDP") documents was only a portion of Wang's claim for asylum. The IJ and the BIA ignored other facts forming the basis of his claim of persecution, including membership in the CDP, harassment by government officials, interrogation, being hit with a baton, being required to remain at home, being subject to continual visits by authorities at home and at work, and losing his job.

Because neither the IJ, nor the BIA addressed the question of whether Wang's testimony, if found credible, would be sufficient to establish his eligibility for his requested relief on these remaining grounds, in light of *INS v. Ventura,* 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam), we remand for proceedings consistent with this memorandum.

Because we grant the petition, we decline to address Wang's remaining claims.

**PETITION FOR REVIEW GRANTED; REMANDED.**